**LITTLER MENDELSON, P.C.**
Lauren J. Marcus, Esq. (N.J. Bar No. 030012009)
Jonathan M. Carrillo, Esq. (N.J. Bar No. 032272012)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PASCAL DOUGBOH,<br><br>                    Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>                    Defendants. | Civil Action No.   2:24-cv-4100<br><br>**NOTICE OF REMOVAL**<br>**(Diversity Jurisdiction)**<br><br>**_Electronically Filed_** |

**TO:    THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Cisco Systems, Inc. ("Cisco" or "Defendant") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Middlesex County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89, and states:

**STATE COURT ACTION**

1.      Plaintiff Pascal Dougboh ("Plaintiff") commenced this action against Defendant on January 2, 2024 by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, captioned *Pascal Dougboh v. Cisco Systems, Inc.*, bearing Docket No. MID-L-000071-24 (the "State Court Action"), alleging claims of discrimination arising from his alleged application for employment with Defendant.  The State Court Action is now pending in that court.

2.      Defendant was served with the Summons and Complaint on February 22, 2024. Collectively attached as **Exhibit A** is a copy of all process, pleadings, and orders served upon Defendant in the State Court Action pursuant to 28 U.S.C. § 1446(a).

**TIMELINESS OF REMOVAL**

3.      This Notice of Removal is timely filed within 30 days of February 22, 2024 as required by 28 U.S.C. § 1446(b)(3) ("notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable").

4.      This Notice of Removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

**DIVERSITY JURISDICTION**

5.      The United States District Court for the District of New Jersey has diversity jurisdiction in this case based on 28 U.S.C. § 1332.  Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." *Id*. at § 1332 (a)(3).  As explained below, both of these requirements have been met.

    **A.      Citizens of Different States**

6.      Plaintiff is an individual, and in his Complaint, he alleges that he is a resident of New Jersey.  (*See* **Exhibit A**, Complaint.)  Thus, for diversity jurisdiction purposes, Plaintiff is a citizen of New Jersey.  *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citizenship is determined by domicile); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile.").

-2-

7.      As of the time when Plaintiff commenced the State Court Action, as well as at the time of the instant removal, Cisco was and is a corporation and is not a citizen of New Jersey.  For purposes of establishing diversity jurisdiction, a corporation is a citizen of both the state where it has its principal place of business and the state where it is incorporated. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8.      Cisco is a corporation organized and existing under the laws of the State of Delaware.  Cisco's principal place of business is California, with its principal executive office in San Jose, California. Therefore, Cisco is a citizen of Delaware and California, and is not a citizen of New Jersey, for purposes of diversity jurisdiction.

9.      Accordingly, complete diversity exists now and at the time the State Court Action was filed because Plaintiff and Defendant are citizens of different states and removal is proper.  28 U.S.C.§ 1332(a)(1).

**B.      Amount in Controversy is Met[1]**

10.      The matter in controversy in the State Court Action exceeds the sum or value of $75,000, as is required by 28 U.S.C. § 1332(a), assuming the truth of the allegations in the Complaint and the validity of Plaintiff's claims, computed on the following basis.

11.      In his Complaint, Plaintiff alleges that he was discriminated against in connection with his alleged application for employment because of his race and nationality/ethnicity. (*See* **Exhibit A**, Comp., ¶ 1.)   Plaintiff alleges that he suffered damages by being deprived a $130,000.00 annual salary and quarterly bonuses equivalent to 20% of his salary.  (*See* **Exhibit A**,

---

[1] Defendant does not concede Plaintiff's allegations are true or that his claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole, exceeds the $75,000 jurisdictional requirement.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

Complaint, ¶ 3). In addition, Plaintiff claims he has sustained emotional damages. (*See* **Exhibit A**, Complaint, Form A ¶ 3.)  Therefore, according to a "reasonable reading of the value of the rights being litigated[,]" the amount in controversy in the State Court Action exceeds $75,000. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

12.     Accordingly, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331 (a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## VENUE

13.     This Notice of Removal has been filed in the United States District Court for the District of New Jersey, i.e., the district court of the United States for the district and division within which the State Court Action is pending, as is required by 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a).  Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal to the Clerk of the New Jersey Superior Court, the original of which will be filed with the New Jersey Superior Court Clerk, Law Division, Middlesex County as required by 28 U.S.C. § 1446(d).

## NOTICE TO PLAINTIFF

14.     Upon filing this Notice of Removal, Defendant gave written notice thereof to *Pro Se* Plaintiff Pascal Dougboh, pursuant to 28 U.S.C. § 1446(a).  Attached hereto as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel.

15.     Defendant also filed a copy of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Middlesex County, pursuant to 28 U.S.C. § 1446(d).

16.    By filing the Notice of Removal, Defendant does not waive any objections to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserve all defenses and motions.

17.    If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant with an opportunity to present briefing and argument prior to any possible review.

18.    As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

19.    Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
*Cisco Systems, Inc.*


By:   */s/ Jonathan Carrillo*
         Lauren J. Marcus
         Jonathan M. Carrillo

Dated:  March 22, 2024

# EXHIBIT A



**L1C / ALL**
**Transmittal Number: 28597308**
**Date Processed: 02/23/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Laurie Wall<br>Cisco Systems, Inc.<br>755 Sycamore Dr<br>San Jose, CA 95134 |

| | |
|---|---|
| **Entity:** | Cisco Systems, Inc.<br>Entity ID Number  4147560 |
| **Entity Served:** | Cisco Systems, Inc. |
| **Title of Action:** | Pascal Dougboh vs. Cisco Systems |
| **Matter Name/ID:** | Pascal Dougboh vs. Cisco Systems (15328855) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Middlesex County Superior Court, NJ |
| **Case/Reference No:** | MID-L-000071-24 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 02/22/2024 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Pascal Dougboh<br>732-877-2932 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## SUMMONS

Attorney(s) _____

Office Address _____

Town, State, Zip Code _____

_____

Telephone Number _____

Attorney(s) for Plaintiff _Pro Se_

_Pascal Daughoh_
Plaintiff(s)

vs.

_Cisco Systems_

Defendant(s)

**Superior Court of
New Jersey**

_Middlesex_ County

_Law_ Division

Docket No: _MID L - 000071 24_

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

_Michelle Smith_
Clerk of the Superior Court

DATED: _02/21/2024_

Name of Defendant to Be Served: _Cisco Systems, Inc._

Address of Defendant to Be Served: _830 Bear Tavern Rd, Trenton, NJ 08698_

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**Form A**

DCH # 453   DATE 1/2/24

CHK/CA/MO # 8199

FEE   $ 250.00

OVP   $

COPY/SANC $

TOTAL   $ 250.00

**Plaintiff or Filing Attorney Information:**

Name _Pascal Dougboh_

NJ Attorney ID Number _____

Address _8 Leland Road_

_Edison, NJ 08817_

Email Address _pdougboh@gmail.com_

Telephone Number _732-877-2932_ ext. _____

Superior Court of New Jersey

_Law_ Division _Middlesex_ County

_Civil_ Part

_Pascal Dougboh_ ,
                              Plaintiff,

v.

_Cisco Systems_ ,
                              Defendant(s).

Docket No: _____

(to be filled in by the court)

Civil Action

**Complaint**

Plaintiff, _Pascal Dougboh_ , residing at: _8 Leland Rd, Edison, NJ_ ,
City of _Edison_ , County of _Middlesex_ , State of New Jersey,
complaining of defendant, states as follows:

1. On _June_ , 20_12_, _Cisco Systems_ , Defendant:
(Summarize what happened that resulted in your claim against the defendant. Use additional pages if necessary.)

_Before and after the above-date, the defendant discriminated against me in the employment I sought from them. They removed my applications from consideration every time. Even in instances where I was interviewed and I performed very well in the interview and was even told that I got the position pending some formalities, the company failed to hire me based on my race and nationality/ethnicity. I hold a Masters degree in my field._

The defendant in this action resides at: (National corporate headquarters in San Jose, CA)
_111 S. Wood Ave, Iselin, NJ 08830_ , in the county of
_Middlesex_ , State of New Jersey.

2. Plaintiff is entitled to relief from defendant under the above facts.

3. The harm that occurred as a result of defendant's acts include: (list each item of damage and injury)

   1. _Salary of $130,000 per annum and quarterly bonuses of 20% of salary were promised by Dal Norris, the Recruiter who told me I got the job and they are just waiting for the manager to sign the offer letter. I wanted to withdraw but he assured repeatedly that I had the position, so I did not pursue other options, including another job offer._

**Form A**

2. _Educational Training up to the "Cisco Certified Internet Expert level._

3. _They presented false documents and statements during previous litigation which mislead the court and deprived me of justice in court and emotional damage._

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

01/01/2024
**Dated**

**Signature**

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

01/01/2024
**Dated**

**Signature**

**OPTIONAL:** If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.

**JURY DEMAND**

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

01/01/2024
**Dated**

**Signature**

Revised 08/15/2022, CN 10553
Revised 08/15/2022, CN 11210

page 10 of 10





## New Jersey Judiciary
## Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

### For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|
| | | | | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Pascal Dougboh | 732-877-2932 | Middlesex |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 8 Leland Road | Edison | NJ | 08817 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ☑ Yes    ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Pascal Dougboh | Pascal Dougboh v. Cisco Systems |

Case Type Number (See page 3 for listing) __005__

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☑ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☑ No |
| Is this a professional malpractice case? | ☐ Yes | ☑ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| | | |
|---|---|---|
| Related Cases Pending?<br>If "Yes," list docket numbers | ☐ Yes | ☑ No |
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☑ No |
| Name of defendant's primary insurance company (if known) | ☐ None | ☑ Unknown |

Revised Form Promulgated by 12/21/2023 Notice to the Bar (effective 01/01/2024), CN 10517 (Appendix XII-B1)        page 1 of 4

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|
| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation |
| Do parties have a current, past or recurrent relationship?  ☐ Yes  ☑ No<br>  If "Yes," is that relationship:<br>  ☐ Employer/Employee    ☐ Friend/Neighbor    ☐ Familial    ☐ Business<br>  ☐ Other (explain) _____ |
| Does the statute governing this case provide for payment of fees  ☐ Yes  ☑ No<br>by the losing party? |
| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition. |
| ♿  Do you or your client need any disability accommodations?  ☐ Yes  ☑ No<br>    If yes, please identify the requested accommodation:<br><br>  Will an interpreter be needed?  ☐ Yes  ☑ No<br>    If yes, for what language? |
| **I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**<br><br>Attorney/Self-Represented Litigant Signature: _____ |

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

Revised Form Promulgated by 12/21/2023 Notice to the Bar (effective 01/01/2024), CN 10517 (Appendix XII-B1)          page 3 of 4

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**    ☐ **Title 59**    ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JANUARY 04, 2024
                    RE:     DOUGBOH PASCAL  VS CISCO SYSTEMS
                    DOCKET: MID L -000071 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON BINA K. DESAI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT:  (732) 645-4300 EXT 88905.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              PASCAL DOUGBOH
                              8 LELAND ROAD
                              EDISON        NJ 08817


JUMQUA0

# EXHIBIT B

**LITTLER MENDELSON, P.C.**
Lauren J. Marcus, Esq. (N.J. Bar No. 030012009)
Jonathan M. Carrillo, Esq. (N.J. Bar No. 032272012)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*Cisco Systems, Inc.*

| | |
|---|---|
| PASCAL DOUGBOH,<br><br>                      Plaintiff,<br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>                      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX<br>COUNTY<br><br>DOCKET NO. MID-L-000071-24<br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL** |

**TO:**    Clerk of the Superior Court
           Law Division, Middlesex County Courthouse
           56 Paterson Street
           New Brunswick, NJ 08903

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that, under to 28 U.S.C. §§ 1441 and 1446, Defendant Cisco

Systems, Inc. ("Defendant") has filed a Notice of Removal of the above-captioned action in the

United States District Court for the District of New Jersey.

Attached and incorporated as **Exhibit A** is a copy of the Notice of Removal of this case.

Upon filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice

thereof to *Pro Se* Plaintiff Pascal Dougboh, 8 Leland Road, Edison, New Jersey 08817.

Under 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District

Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal

-2-

with this Court, effects the removal of this action, and this Court may proceed no further unless

and until the action is remanded.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
*Cisco Systems, Inc.*

By: ___*/s/ Jonathan M. Carrillo*___
Lauren J. Marcus
Jonathan M. Carrillo

Dated: March 22, 2024

-2-

-3-

## CERTIFICATION OF SERVICE

I, Jonathan M. Carrillo, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via email and Federal Express, on *Pro Se* Plaintiff Pascal Dougboh, 8 Leland Road, Edison, New Jersey 08817.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By:   */s/ Jonathan M. Carrillo*
　　　　　Jonathan M. Carrillo

Dated: March 22, 2024

-3-

# EXHIBIT C

**LITTLER MENDELSON, P.C.**
Lauren J. Marcus, Esq. (N.J. Bar No. 030012009)
Jonathan M. Carrillo, Esq. (N.J. Bar No. 032272012)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*Cisco Systems, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASCAL DOUGBOH,<br><br>            Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>            Defendants. | Civil Action No.<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that that a Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey to the United States District Court for the District of New Jersey on this 22nd day of March, 2024, in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441 and 1446. A copy of such Notice of Removal is attached hereto.

**LITTLER MENDELSON P.C.**
*Attorneys for Defendant*

By: */s/ Jonathan M. Carrillo*
      Jonathan M. Carrillo

Dated March 22, 2024